```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

Ekoue Dodji Aboussa
Images Des Reves Photography

   v.                                     Civil No. 23-cv-393-LM

U.S. Postal Serv.
State of New Hampshire
City of Concord
Federal Bureau of Investigation
U.S. Homeland Security


**REPORT AND RECOMMENDATION**

Pro se plaintiffs Ekoue Dodji Aboussa and Images Des Rives Photography ("Images") have sued several state and federal defendants, claiming that each has violated their Fourth Amendment and statutory rights in various ways. The defendants have each filed motions to dismiss. (Doc. Nos. 21, 22, and 24). Pursuant to LR 72.1, the motions have been referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons that follow, the district judge should grant the defendants' motions and dismiss this case in its entirety.

**Standard of Review**

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court asks whether the plaintiff has made allegations in the complaint that are sufficient to render their entitlement to relief plausible. See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). The

court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019). The court, however, disregards conclusory allegations that simply parrot the applicable legal standard. Manning, 725 F.3d at 43. Because the plaintiffs are proceeding pro se, the court construes the complaint liberally. See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). "Pro se status, however, does not insulate a party from complying with procedural and substantive law. Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts." Wood v. U.S. Bank, No. 22-cv-235-JL, 2023 WL 3867254, at *2 (D.N.H. June 7, 2023) (cleaned up).

## Factual Allegations

The allegations in the complaint are sparse. It devotes a single paragraph to each defendant, which the court reproduces below, before turning to the defendants' motions:

> **The U.S postal services** violated Images Des Reves's rights by giving Images Des Reves's mails and shipments to the Government; The Federal Bureau of Investigation that has been telephone calling Images Des Reves violating it's rights to the 4th amendment, would track Aboussa with it's mails and packages for shipments and would have access to them at the U.S

>postal services. Keeping Images Des Reves's shipments from reaching it's clients or destinations.
>
>**The State of New Hampshire** violated Images Des Reves's rights by telephone calling Images Des Reves to locate it's geographical location; action caused by NH state employees "State police" the State would continuously damage Aboussa's electronics such as phones, tables, laptops, computers, clover payment processing machines, vehicles etc.. violating Images Des Reves's 4th amendment rights as well as the violations of the Electronic Communication Privacy Act. The State would damage Aboussa's internet communications, such as facetime, zoom and other video chats.
>
>**The United States Federal Bureau of Investigation** violates Images Des Reves's 4th amendment rights, having all of Aboussa's family members on the United States controller and controlling them turning them against one another. Ekoue Aboussa plaintiff had been telephone called by the Federal Bureau of Investigation for the past 7 years and would need to release Freedom of Information Privacy Act to Images Des Reves's Immigration lawyer, Francis Agyare whom had requested the information long time ago.
>
>**The City of Concord** violated the 4m amendment, telephone calling Images Des Reves with the City employees "Concord Police", constantly stopping Images Des Reves and had once detained the owner of Images Des Reves for no reasons, even though Images Des Reves does not break any laws. The City of Concord employees would telephone call and locate Images Des Reves's geographical location, and stop the owner of Images Des Reves due to being a male person of color who has a wedding photography business. The City of Concord violated the Electronic Communication Privacy Act.
>
>**The United States Homeland Securities** Violated the Electronic communication privacy Act; with the Federal Bureau of Investigation possessing Aboussa, the owner of Images Des Reves, and telling the United States Homeland Securities not to give Aboussa his travel documents for traveling, the violation of 4th amendment due to Aboussa being a male person of color that's being telephone called by the Federal Bureau of Investigation.

Compl. (Doc. No. 1) at 2-3 (emphasis in original).

A.  Federal Defendants

The federal defendants – United States Postal Service ("USPS"), Federal Bureau of Investigation ("FBI"), and Department of Homeland Security ("DHS") -- assert several bases for dismissal. Because the court finds that the plaintiffs have failed to state a claim for relief against any of these defendants, it recommends dismissal of the claims against them pursuant to Fed. R. Civ. P. 12(b)(6).

At a minimum, in order to defeat a motion under Rule 12(b)(6), a plaintiff must set forth minimal facts as to who did what to whom, when, where, and why," in order to "give the defendants fair notice of what the claims are and the grounds for those claims." Ruiz-Rosa v. Rullan, 485 F.3d 150, 154 (1st Cir. 2007).  Mr. Aboussa has failed to meet this minimum pleading requirement. He alleges that the USPS violated Images' Fourth Amendment rights by "giving [its] mails and shipments to the Government" and allowing the FBI to track him and prevent Images' mail from reaching its intended destination.  Compl. (Doc. No. 1) at 2.  The lack of any factual allegations describing the mail at issue or the circumstances surrounding the alleged seizures is fatal to this claim.

The claims against the FBI are similarly flawed.  The allegation that the FBI has been calling Images describes no Fourth Amendment violation.  And the allegation that the FBI has

4

been "controlling" his family members in violation of the Fourth Amendment and the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et. seq. are little more than bare recitations of statutes with no factual allegations to support the statutes' application. Cf. Hamman v. Carpenter, 937 F.3d 86, 90 (1st Cir. 2019) ("A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action.") (cleaned up).

Finally, Mr. Aboussa's claim against the FBI under the Freedom of Information Act ("FOIA") should also be dismissed. The complaint does not indicate what documents were requested, when such a request was made, or whether all administrative prerequisites were satisfied. As this court has previously observed:

> Before seeking judicial review of an agency's response to a FOIA request, a plaintiff generally must exhaust all administrative remedies. Kottori v. F.B.I., 784 F.Supp.2d 83, 85 (D. Mass. 2011) (noting that "FOIA's administrative scheme 'favors treating failure to exhaust as a bar to judicial review' ") (quoting Wilbur v. CIA, 355 F.3d 675, 677 (D.C. Cir. 2004)). To properly exhaust all administrative remedies, the requester must comply with the agency's regulations, Union Leader Corp. v. U.S. Dep't of Homeland Sec., No. 12-CV-18-JL, 2012 WL 1000333, at *1 (D.N.H. Mar. 23, 2012), and must "exhaust ... the administrative appeals process . . . before bringing suit." King v. U.S. Dep't of Justice, No. CV 15-1445 (RDM), 2017 WL 1166309, at *3 (D.D.C. Mar. 28, 2017).

Villar v. Fed. Bureau of Investigation, No. 15-CV-270-LM, 2017 WL 3602008, at *3 (D.N.H. Aug. 21, 2017). In light of the

foregoing, Mr. Aboussa's threadbare assertion of a FOIA violation is insufficient to state a claim for relief.

B. State of New Hampshire

Mr. Aboussa claims that the New Hampshire State Police have violated his rights under the Fourth Amendment and the ECPA by calling him to ascertain his location and damaging certain electronic equipment and internet connections. He asserts that these actions were taken because he has a wedding business and he is a "male person of color." Compl. (Doc. No. 1) at 2, 4. As with his claims against the federal defendants, these claims, lacking any details, are insufficient to "give the defendants fair notice of what the claims are and the grounds for those claims." Ruiz-Rosa v. Rullan, 485 F.3d at 154. The claims against the State of New Hampshire should therefore be dismissed.

C. City of Concord

Mr. Aboussa's allegations against the City of Concord are limited to a Fourth Amendment claim based on "stopping [him] . . . due to being a male person of color," employees calling him to ascertain his location and an unspecified violation of the ECPA. Compl. (Doc. No. 1) at 2,4. The complaint contains no information as to the time, place, or circumstances of any of these occurrences. As this court cautioned in a prior action Mr. Aboussa brought in this court, "[b]are allegations that the

defendants violated a lengthy recitation of laws, without facts which indicate in any way how defendants violated those laws, do not suffice to survive a motion under Rule 12(b)(6)." Aboussa v. New Hampshire, No. 22-CV-284-LM, 2023 WL 6317936, at *4 (D.N.H. Sept. 28, 2023). The City of Concord's motion to dismiss should be granted.

## Conclusion

For the reasons set forth above, the defendants' motions to dismiss (Doc. Nos. 21, 22 & 24) should be granted. Dismissal of the claims brought by Images should be without prejudice.[1] Any objections to this Report and Recommendation must be filed

---

[1] Citing LR 83.6(c) and 28 U.S.C. § 1654, the defendants argue that Mr. Aboussa should not be permitted to prosecute claims on behalf of his business. In his objection (Doc. No. 26), Mr. Aboussa asserts that the business is a sole proprietorship "that has no separate existence from its owner," and that he should therefore be allowed to proceed. The First Circuit Cout of Appeals has interpreted section 1654 as permitting a pro se litigant to represent only himself. O'Diah v. Volkswagen of Am., Inc., 91 F. App'x 159, 160 (1st Cir. 2004); but see Bowers v. Denali State Bank, No. 421CV00007SLGDMS, 2021 WL 5871532, at *2 (D. Alaska Aug. 26, 2021), report and recommendation adopted, No. 421CV00007SLGMMS, 2021 WL 5015601 (D. Alaska Oct. 28, 2021) ("In the Ninth Circuit, sole proprietors "may proceed *pro se*" under § 1654 because "[a] sole proprietorship has no legal existence apart from its owner.") (quoting Sharemaster v. U.S. Sec. & Exch. Comm'n, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017)). Accordingly, while the claims asserted by Images do not meet the required standards of Rule 12(b)(6), dismissal of the claims brought by Images should be without prejudice.

within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 18, 2024

cc: Ekoue Dodji Aboussa, pro se
    Counsel of Record